FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE T.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>　　　　Defendant. | No. 4:20-CV-5135-JAG<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment, ECF No. 18, and Defendant's Motion for Remand, ECF No. 21.  Attorney Chad L. Hatfield represents Jamie T. (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 5.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion for Remand; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in July 2017 alleging disability since March 3, 2010, due to anxiety, depression, adjustment disorder, personality disorder, unknown substance abuse, and learning disabilities. Tr. 165. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on September 20, 2019, Tr. 32-62, and issued an unfavorable decision on December 26, 2019, Tr. 15-26. The Appeals Council denied Plaintiff's request for review on June 9, 2020. Tr. 1-6. The ALJ's October 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 10, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on May 10, 1992, and was 25 years old on the disability application date, July 6, 2017, Tr. 24. He completed the tenth grade in high school and has not earned a GED. Tr. 39, 166. He has past work as a corn detassler on a farm and as a restaurant hostess. Tr. 166.

Plaintiff's disability report indicates he stopped working on September 1, 2012, because of his conditions and due to poor work performance. Tr. 165. At the administrative hearing, Plaintiff testified mental health symptoms made it difficult for him to work. Tr. 40. He stated it was difficult for him to focus/concentrate and keep up with the work. Tr. 40-41. He also related he had difficulty correctly following instructions. Tr. 47.

Plaintiff testified he lived with his aunt and, other than the chore of taking out the trash, his aunt performed all household tasks. Tr. 42. Plaintiff testified he stopped using cannabis in 2017 and he would consume two alcoholic drinks once a week. Tr. 40.

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant has the burden of establishing a prima facie case of disability by showing that severe impairments prevent the performance of past relevant work. *Tackett*, 180 F.3d at 1098-1099. Once the claimant establishes a prima facie case, the ALJ proceeds to

step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.

## ADMINISTRATIVE DECISION

On December 26, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 6, 2017, the disability application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: cannabis use disorder, alcohol use disorder, depressive disorder, anxiety disorder, personality disorder, and specific learning disorder(s). Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 17.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels with the following non-exertional limitations: he is limited to simple, routine tasks with a reasoning level of 3 or less with only occasional and simple changes in the work setting and no interaction with the public and only superficial interaction with coworkers. Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of laundry worker, automobile detailer, and floor waxer. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 6, 2017, the date the disability application was filed, through the date of the ALJ's decision, December 26, 2019.  Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for the Court's review:  (1) Did the ALJ err in improperly rejecting the opinions of Plaintiff's medical providers?; (2) Did the ALJ err by failing to conduct an adequate analysis at step three and failing to find Plaintiff disabled as meeting or equaling a Listing?; and (3) Did the ALJ err in failing to meet his burden at step five?  ECF No. 18 at 5-6.

**DISCUSSION**

Defendant does not contest Plaintiff's assertions regarding the alleged errors in this matter.  Defendant agrees with Plaintiff that the ALJ erred in this case but asserts that further proceedings are required to determine whether Plaintiff's substance abuse is material to a finding of disability.  ECF No. 21 at 3.  Plaintiff did not file a reply brief.

**A.    Medical Opinion Evidence**

Plaintiff asserts the ALJ erred by rejecting the opinions of Plaintiff's medical providers.  ECF No. 18 at 8-15.  Plaintiff specifically asserts the ALJ erred by failing to provide specific and legitimate reasons for discounting the opinions of David T. Morgan, Ph.D., N.K. Marks, Ph.D., and Aaron Burdge, Ph.D.  *Id*.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new

regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b).

1. **David T. Morgan, Ph.D.**

On April 11, 2019, psychologist David T. Morgan, Ph.D., reviewed records, examined Plaintiff, and completed a Psychological/Psychiatric Evaluation form. Tr. 320-324. Dr. Morgan noted Plaintiff did not report a history of substance abuse or chemical dependency, Tr. 321, and he consequently found substance abuse had no effect on Plaintiff's basic work activities, Tr. 322. Dr. Morgan indicated Plaintiff spends his days sitting around the house, watching television, playing video games, and sleeping. Tr. 321. He diagnosed Unspecified Anxiety Disorder and Unspecified Personality Disorder, Tr. 321, and opined that Plaintiff had several "marked" limitations on basic work activities, Tr. 322.

The ALJ found the opinion of Dr. Morgan was not persuasive. Tr. 24. He held the assessment was based on Plaintiff's subjective reports during a one-time visit and did not address Plaintiff's substance use. Tr. 24. He further found a review of the evaluation report did not comport with such extreme limitations, Dr. Morgan estimated the duration of Plaintiff's limitations was only nine months, and

Dr. Morgan indicated vocational training and services would minimize or eliminate barriers to employment.  Tr. 24.

Plaintiff's briefing effectively challenges each of the ALJ's reasons for finding Dr. Morgan unpersuasive, *see* ECF No. 18 at 9-12, and Defendant does not contest Plaintiff's argument in this regard, *see Stichting Pensioenfonds ABP v. Country Fin'l Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding "[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding a party abandons claims by not raising them in opposition to a motion for summary judgment).  Moreover, the Court finds the ALJ failed to adequately evaluate Dr. Morgan's report in terms of consistency and supportability, as required by the regulations.

The ALJ's analysis as to Dr. Morgan is not supported by substantial evidence.

**2.   N.K. Marks, Ph.D., and Aaron Burdge, Ph.D.**

On April 28, 2017, N.K. Marks, Ph.D., reviewed records, interviewed Plaintiff, and completed a Psychological/Psychiatric Evaluation form.  Tr. 260-265.  Dr. Marks noted Plaintiff reported "he drank and earlier reported that he used drugs" but it was indicated Plaintiff was currently clean and sober, Tr. 261, and his impairments were not the result of alcohol or drug use, Tr. 263.  Dr. Marks nevertheless recommended a chemical dependency assessment or treatment.  Tr. 263.

Dr. Marks diagnosed Unspecified anxiety disorder; Unspecified depressive disorder; Unspecified other (or unknown) substance-related disorder; Unspecified adjustment disorder; Unspecified personality disorder by history; Specific learning disorder, with impairment in mathematics; Specific learning disorder, with impairment in reading; and Specific learning disorder, with impairment in written

1 | expression, Tr. 262, and opined that Plaintiff had several "marked" limitations on
2 | basic work activities, Tr. 262-263.
3 |     On May 15, 2017, Aaron Burdge, Ph.D., a record reviewing practitioner
4 | with the Department of Social and Health Services, concurred with Dr. Marks'
5 | findings, noting several marked mental limitations and that alcohol or drug
6 | abuse/addiction did not primarily affect Plaintiff's work activity.  Tr. 257-259.
7 |     The ALJ found the opinions of Drs. Marks and Burdge were not particularly
8 | persuasive.  Tr. 23-24.  He indicated the assessments did not take into account
9 | Plaintiff's substance use, the duration of Plaintiff's limitations was noted as 12
10 | months, and it was indicated vocational training and services would minimize or
11 | eliminate Plaintiff's barriers to employment.  Tr. 24.  The ALJ also stated the
12 | DSHS assessment forms provided limited information and were based on different
13 | standards for evaluating functional capacities and disabilities.  Tr. 24.
14 |     Plaintiff sufficiently challenges each of the ALJ's reasons for finding the
15 | reports of Drs. Marks and Burdge unpersuasive, *see* ECF No. 18 at 12-15, and
16 | Defendant did not contest Plaintiff's briefing as to Drs. Marks and Burdge.  The
17 | Court also finds the ALJ failed to adequately evaluate the medical professionals'
18 | reports in terms of consistency and supportability, as required by the regulations.
19 |     The ALJ's decision with respect to the 2017 reports of Drs. Marks and
20 | Burdge is not supported by substantial evidence.
21 | **B.    DAA**
22 |     As Defendant has not challenged the substance of Plaintiff's opening brief, it
23 | is apparent Defendant concedes the ALJ erred in this case, ECF No. 21, and the
24 | Court has so determined, *supra*.  However, Defendant contends a remand for
25 | further proceedings is necessary for an ALJ to reconsider the evidence and
26 | testimony and determine whether Plaintiff's substance abuse is material to a
27 | finding of disability.  *Id*.  Defendant asserts it is unclear at this stage whether, if
28 | ///

Plaintiff were to be found disabled, ongoing drug abuse and/or alcoholism contributes to his disability. ECF No. 21 at 5. Plaintiff did not file a reply.

The Social Security Act bars payment of benefits when drug addiction and/or alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). When there is medical evidence of substance abuse, the ALJ must conduct a DAA analysis and determine whether DAA is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue*, 481 F.3d 742, 747-748 (9th Cir. 2007). "The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Id*. at 748.

Social Security Ruling (SSR) 13-2p, 2013 WL 621536, provides guidance for evaluating whether a claimant's substance use is material to the disability determination.[2] It instructs adjudicators to "apply the appropriate sequential

---

[2] Although SSRs do not have the force of law, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

evaluation process twice. First, apply the sequential process to show how the claimant is disabled. Then, apply the sequential evaluation process a second time to document materiality." *Id*. at *6. SSR 13-2p provides that the key factor to examine in determining whether DAA is a contributing factor material to the disability determination is whether the claimant would still be found disabled if he stopped using drugs or alcohol. SSR 13-2p, 2013 WL 621536 at *4. The ALJ must project the severity of a claimant's other impairments in the absence of DAA, and, in making this determination, the ALJ should consider medical judgments about the likely remaining medical findings and functional limitations the claimant would have in the absence of DAA. *Id*. at *7, *9. SSR 13-2p indicates that in cases involving physical impairments, an ALJ may consider medical source opinions about the likely effects that abstinence from drugs or alcohol would have on the claimant's impairments; however, in cases involving mental impairments, the ALJ may not consider such predictions. SSR 13-2p, 2013 WL 621536 at *8, n.19.

      SSR 13-2p states that "[m]any people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." *Id*. at *9. "To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." *Id*. While ALJs may seek assistance from medical experts in interpreting the medical evidence regarding the separate effects of treatment for DAA and a co-occurring mental disorder, SSR 13-2p, 2013 WL 621536 n.28, an ALJ may not rely exclusively on medical expertise and the nature of a claimant's mental disorder to determine whether DAA is material, SSR 13-2p, 2013 WL 621536 at *9.

Although the Court finds the ALJ erred with respect to his consideration of the medical opinion evidence, *see supra*, it is not clear whether Plaintiff's mental impairments would prevent him from performing substantial gainful employment in the absence of DAA. The Court thus agrees with Defendant that further proceedings are necessary to conduct an adequate analysis consistent with the guidance provided by SSR 13-2p. On remand, the ALJ shall reconsider the medical evidence, including the opinions noted in Section A above, reevaluate Plaintiff's testimony, and apply the sequential process to determine whether Plaintiff is disabled. If the ALJ finds that Plaintiff is disabled, the ALJ shall then apply the sequential evaluation process a second time to document materiality.

**C.    Steps Three and Five**

Plaintiff's brief also contends the ALJ erred at step three by failing to find Plaintiff disabled as meeting or equaling a Listing and at step five by relying on an incomplete hypothetical to the vocational expert. ECF No. 18 at 16-21. Defendant did not specifically challenge or otherwise respond to Plaintiff's step three or step five arguments.

Given the errors of the ALJ noted above, the Court has determined that further proceedings are necessary for a proper determination to be made. *Supra*. On remand, the ALJ shall additionally reexamine step three of the sequential evaluation process and specifically address Listings 12.03, 12.04, 12.05, 12.06, 12.08, and 12.11. The ALJ shall reassess Plaintiff's RFC and, if necessary, obtain supplemental testimony from a vocational expert with respect to the new RFC determination.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits or, alternatively, for additional proceedings. ECF No. 18 at 21. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award

benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds further development is necessary for a proper determination to be made.

As discussed above, the ALJ erred by improperly assessing the opinions of Drs. Morgan, Marks and Burdge. Accordingly, on remand, the ALJ shall reevaluate each of the medical opinions of record, specifically addressing the persuasiveness of each in compliance with the new regulations. The ALJ may consider developing the record further by directing Plaintiff to undergo a consultative psychological examination, preferably with a medical professional who specializes in individuals who have substance use disorders or dual diagnoses of substance use disorders and co-occurring mental disorders. *See* SSR 13-2p, 2013 WL 621536 at *11. The ALJ shall also reevaluate Plaintiff's testimony, take into consideration any additional evidence presented, and make findings at each of the five steps of the sequential evaluation process. If the ALJ finds that Plaintiff is disabled, the ALJ shall then apply the sequential evaluation process a second time to determine whether Plaintiff's DAA is a "material factor" contributing to his disability, i.e., whether Plaintiff's mental impairments would disable him independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a).

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED IN PART**.

2. Defendant's Motion for Remand, **ECF No. 21**, is **GRANTED**.

3. The matter is **REVERSED and REMANDED** to the Commissioner for additional proceedings consistent with this Order.

///

4.  An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for PLAINTIFF** and the file shall be **CLOSED**.

DATED March 28, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE